IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PRICE THOMAS, | No. C 13-4861 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT WITHOUT LEAVE TO AMEND** |
| v. | |
| NANCY SHAFFER, *et al.*, | |
| Defendants. | |

Defendants' motion to dismiss the complaint is scheduled for a hearing on February 7, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is suitable for resolution without oral argument and VACATES the hearing. For the reasons set forth in this order, the Court GRANTS defendants' motion WITHOUT LEAVE TO AMEND.

**BACKGROUND**

Plaintiff filed this lawsuit on October 18, 2013 against Beth Wanamaker, Veronica Pineda, Nancy Shaffer, Sonoma County Family Services, and the Sonoma County Superior Court.[1] The

---

[1] This is the second federal lawsuit filed by plaintiff arising out of child custody proceedings concerning plaintiff's daughter. Plaintiff filed the first lawsuit on November 1, 2012, against the County of Sonoma, Beth Wanamaker, Veronica Pineda, Daniel Chester, Nancy Case Shaffer and Does 1-50, *Thomas v. Sonoma County et al.*, C 12-5607 SI (N.D. Cal.). That complaint contained similar factual allegations to the present complaint, and alleged that the defendants discriminated against plaintiff on account of his race and interfered with his parental rights during the child custody proceedings. In an order filed July 21, 2013, the Court dismissed plaintiff's claims against the County without leave to amend because those claims were untimely, barred by the *Rooker-Feldman* doctrine, and because plaintiff had not alleged a factual basis for holding the County liable. In a second order filed July 21, 2013, the Court dismissed plaintiff's claims against the individual defendants without prejudice based on plaintiff's failure to respond to an Order to Show Cause and plaintiff's failure to serve those defendants within 120 days. Plaintiff did not appeal the July 21, 2013 judgment in that case.

complaint alleges that defendant Beth Wanamaker was a mediator involved in plaintiff's child custody case, Veronica Pineda was Wanamaker's supervisor, and Nancy Shaffer was the pro tem judge who presided over the custody proceedings. Compl. ¶¶ 5-7. The complaint alleges that Wanamaker and Pineda are employees of defendant Sonoma County Family Court Services and that Shaffer is an employee of Sonoma County Superior Court. *Id.*[2] The individual defendants are sued in their official capacities. *Id*.

The complaint alleges that plaintiff is a black male and that his ex-wife is white. *Id*. ¶¶ 11, 26. The complaint alleges that Wanamaker and Judge Shaffer conspired to take plaintiff's daughter away from him, and that the defendants discriminated against plaintiff based on his race. *Id*. ¶ 14, 21, 26. The complaint alleges that on or about June 23, 2010, "Plaintiff met with Beth Wanamaker concerning the visitation and custody matters for the resolution of Plaintiff's six month old daughter Maya Thomas. Beth Wanamaker did not allow Plaintiff to engage in conversation at any point during the mediation proceeding. The result of the Mediation Report dated June 28, 2010 (see Exhibit B) contains no input from Plaintiff." *Id*. ¶ 11. The complaint alleges that Wanamaker prepared a false report (without specifying what was false) and that "[t]his false Mediation Report was the cause of a loss of Plaintiff's relationship with his daughter." *Id*. ¶¶ 11-12. The complaint alleges that Judge Shaffer adopted the false Mediation Report and "knowingly and willfully slandered Plaintiff on the Court record by saying that Plaintiff was previously ordered to complete anger management." *Id*. ¶¶ 13, 15. On July 21, 2010, Judge Shaffer issued a restraining order with an order for no visitation. *Id*. ¶ 13 & Ex. C.

According to the complaint, plaintiff refused to participate in mediation on November 3, 2010, with Wanamaker "because of the discrimination and filing of a false report to the court on June 28, 2010." *Id*. ¶ 18. The complaint alleges that Wanamaker prepared a report stating that plaintiff failed to appear for the November 3, 2010 mediation, and that this statement was false because plaintiff was there at court. *Id*.

On January 19, 2011, plaintiff filed a motion to vacate the restraining order. *Id*. ¶ 21 & Ex. E. In an order filed March 18, 2011, Judge Shaffer denied the motion and declined to modify the custody

---

[2] According to defendants, Sonoma County Family Court Services is not a separate legal entity, but is part of the Superior Court of California, County of Sonoma.

2

1 and visitation order entered on July 21, 2010. *Id.* The complaint alleges that the March 18, 2011 order 2 "stayed in full force and effect until December 9, 2011, when Judge NANCY C. SHAFFER was forced 3 to acknowledge Plaintiff's 'reasonable right of visitation to the party without physical custody.'" *Id.* ¶ 22 4 & Ex. G.

5 The complaint alleges claims for conspiracy, violations of the United States and California 6 constitutions, "fraud on the court," and discrimination. The complaint seeks $3,000,000 in damages, 7 and seeks to set aside the state court orders and judgment. *Id.* ¶¶ 42-71, Prayer for Relief.

## LEGAL STANDARDS

### I. Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction may either "attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. and Elec.*, 594 F.2d 730, 733 (9th Cir. 1979) (citing *Land v. Dollars*, 330 U.S. 731, 735 n. 4. (1947)). Where the jurisdictional issue is separable from the merits of the case, the Court need only consider evidence related to the jurisdiction issue, and rule on that issue, resolving factual disputes as necessary. *Id.* (citing *Berardinelli v. Castle & Cooke, Inc.*, 587 F.2d 37 (9th Cir. 1978)).

In deciding a Rule 12(b)(1) motion that mounts a factual attack on jurisdiction, "no presumption of truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### II. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff

3

to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**DISCUSSION**

Defendants move to dismiss the complaint on numerous grounds. Defendants contend that plaintiff's claims are barred in whole or in part by the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, judicial and quasi-judicial immunity (as to certain defendants), and Eleventh Amendment immunity (as to certain defendants).

Plaintiff's opposition only addresses his claims against Judge Shaffer. Plaintiff contends that Judge Shaffer is not entitled to judicial immunity because Judge Shaffer discriminated against him and thus violated the law.

The Court concludes that plaintiff's claims are barred for multiple reasons. First and foremost, federal district courts, as courts of original jurisdiction, may not review the final determinations of state courts. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts); *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001); *Olson Farms,*

*Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998). Accordingly, under the *Rooker-Feldman* doctrine,

> [i]f claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483 n.16 & 485). The *Rooker-Feldman* doctrine bars an action in which a party essentially asks the federal court to review the state court's decision and afford that party the same remedy he was denied in state court. *Id.* The *Rooker-Feldman* doctrine applies even when the state court judgment is not issued by the highest state court, *see Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986), and when federal constitutional issues are at stake, *see Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995); *Mullins v. Oregon*, 57 F.3d 789, 792 (9th Cir. 1995). Here, plaintiff seeks to have this Court void state court orders and the state court judgment. Such relief is foreclosed by the *Rooker-Feldman* doctrine.

In addition, the claims against Judge Shaffer, Wanamaker and Pineda are barred by judicial and quasi-judicial immunity. A state judge is absolutely immune from civil liability for damages for acts performed in her judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial and quasi-judicial immunity extends to nonjurists "who perform functions closely associated with the judicial process." *In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002) (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)). The Supreme Court has outlined a functional approach to determining when quasi-judicial immunity applies, stating that "[w]hen judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges – that is, because they, too, exercise a discretionary judgment as a part of their function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (internal quotations omitted).

Here, the complaint challenges acts by Judge Shaffer in presiding over the child custody proceedings, as well as acts by Wanamaker in her capacity as the court mediator, and Pineda as Wanamaker's supervisor, and thus those defendants are sued for acts performed in a judicial or quasi-judicial capacity. Judges are "not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v.*

*Sparkman*, 435 U.S. 349, 356 (1978). The two limited exceptions to this rule are where the judicial officer did not perform a judicial act, or where the officer acts in the "clear absence of all jurisdiction." *Id*. at 357. Here, the complaint does not allege that any judicial defendant engaged in an act that was not judicial in nature; indeed, the complaint repeatedly challenges numerous judicial acts such as court orders or mediation reports, or the manner in which hearings or court mediations were conducted.[3]

The Court finds that leave to amend would be futile because plaintiff cannot cure the deficiencies identified in this order. Accordingly, the Court GRANTS defendants' motions to dismiss this action without leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss the complaint WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: February 3, 2014

SUSAN ILLSTON
United States District Judge

---

[3] In light of the resolution of plaintiff's claims, the Court finds it unnecessary to address defendants' arguments about *Younger* abstention or Eleventh Amendment immunity. Further, the Court DENIES as moot plaintiff's motion for summary judgment.

6