IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GARY PRICE THOMAS,

    Plaintiff,

v.

NANCY SHAFFER, *et al.*,

    Defendants.
                                   /

No. C 13-4861 SI

**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE THE JUDGMENT**

In an order filed February 3, 2014, the Court dismissed the complaint without leave to amend, and that same day entered judgment against plaintiff and in favor of defendants. The Court held that plaintiff's claims, which arose out of state court custody proceedings, were barred by the *Rooker-Feldman* doctrine and judicial and quasi-judicial immunity. Plaintiff did not file a notice of appeal.

On April 3, 2014, plaintiff filed a motion to set aside the judgment on the ground that "the judgment was taken against Plaintiff through misrepresentation of the Court." Docket No. 21 at 2. Plaintiff's motion asserts that the Court "misrepresented Plaintiff's motion for summary judgment filed on January 21, 2014," and also appears to complain that the Court ruled on defendant's motion to dismiss the complaint without oral argument.

The Court construes plaintiff's motion as a motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) provides that a court may relieve a party from a final judgment or any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b).

The Court finds that plaintiff's motion does not state any grounds to set aside the judgment, and thus that plaintiff has not made the showing necessary under Rule 60(b). Northern District Civil Local Rule 7-1(b) permits the Court to rule on a motion without holding a hearing. Further, because the Court found that plaintiff's claims were barred as a matter of law, it was not necessary to address plaintiff's motion for summary judgment. Accordingly, plaintiff's motion to set aside the judgment is DENIED. Docket No. 21.

**IT IS SO ORDERED.**

Dated: May 9, 2014

SUSAN ILLSTON
United States District Judge