United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PRICE THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY SHAFFER, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-13-4861 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL**<br><br>**(Docket No. 25)** |

        On July 24, 2014, the Clerk of the Court referred Plaintiff Gary Price Thomas' motion for recusal of Judge Illston ("Motion") to the undersigned pursuant to Local Rule 3-15. The Court finds this Motion suitable for disposition without a hearing.

        The instant action was originally assigned to Judge Tigar. On December 19, 2013, Judge Tigar issued a *sua sponte* referral to Judge Illston to determine whether this action was related to a prior case filed by Plaintiff. In November 2012, Plaintiff had filed an action against some of the same Defendants (specifically Judge Shaffer and Beth Wanamaker) alleging causes of action from the same child custody proceeding that formed the basis of the first action. Judge Illston dismissed, with prejudice, claims against the County of Sonoma in the first action, finding that Plaintiff's claims were barred by the *Rooker-Feldman* doctrine and the statute of limitations. No. 3:12-cv-05607-SI, Docket No. 38. Plaintiff's claims against the individual defendants were dismissed without prejudice for failure to timely serve under Federal Rule of Civil Procedure 4(m). No. 3:12-cv-05607-SI, Docket No. 39. On December 30, 2013, Judge Illston found that the instant action was related to the 2012 action. No. 3:13-cv-4861-SI, Docket No. 14. Following motion to dismiss

briefing, Plaintiffs claims were dismissed with prejudice, and a motion to set aside the judgment was subsequently denied. No. 3:13-cv-4861-SI, Docket Nos. 19, 23. Plaintiff has now filed a motion to "reinstate" his complaint as well as the instant motion for recusal.

Under 28 U.S.C. § 455(a), a judge must disqualify himself or herself "in any proceeding in which his impartiality might reasonably be questioned." *Id.* Plaintiff contends that Judge Illston's impartiality may reasonably be questioned in light of the fact that: (1) Plaintiff believes that the instant action is not, in fact, related to the first case and that Judge Illston interjected herself into the instant case as an adversary; and (2) that Judge Illston is "biased" because "Plaintiff has not had a hearing since she became his judge." Motion ¶¶ 10, 11. Neither Judge Illston's determination that the instant case is related to Plaintiff's first case (which arose out of the same set of operative facts) nor her determination that the motions to dismiss in both actions did not require a hearing are sufficient reasons to even reasonably question Judge Illston's impartiality. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("The alleged prejudice [under § 455] must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal."). Plaintiff has alleged no facts – and the Court's careful review of the record reveals none – suggesting that Judge Illston has displayed favoritism or antagonism toward any of the parties. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

For the foregoing reasons, Plaintiff's motion seeking recusal of Judge Illston is **DENIED**. This order disposes of Docket No. 25.

IT IS SO ORDERED.

Dated: July 25, 2014

_____
EDWARD M. CHEN
United States District Judge